**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————

**No. 14-6433**

——————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

     v.

JASON L. MCCRIGHT,

            Defendant - Appellant.

——————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Rebecca Beach Smith, Chief District Judge.   (4:09-cr-00022-RBS-TEM-1)

——————

Submitted:  July 24, 2014            Decided:  August 18, 2014

——————

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

——————

Dismissed by unpublished per curiam opinion.

——————

Jason L. McCright, Appellant Pro Se. Timothy Richard Murphy, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

——————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason L. McCright seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion, and dismissing it on that basis. Because we conclude, after reviewing the record, that the district court properly construed McCright's motion as a successive habeas petition, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on procedural grounds, as the district court did in this case, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

We have independently reviewed the record and conclude that McCright has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe McCright's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to

file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). McCright's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

DISMISSED